IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:07-CT-3037-H

| | |
|---|---|
| FREDERICK BANKS, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BUREAU OF PRISONS, et al., )<br>)<br>)<br>Defendants. | ORDER |

This matter is before the court on the plaintiff's request for this court to vacate its March 12, 2007, order directing plaintiff to pay the $350.00 filing fee pursuant to 28 U.S.C. § 1915(b)(1). The March 12, 2007, order found that plaintiff had no available funds to assess an initial partial filing fee. Therefore, the court ordered the officials at the correctional facility at which plaintiff was incarcerated to deduct monthly payments of 20 percent of the preceding month's income credited to plaintiff's trust fund account, until the $350.00 filing fee was paid in full.

On September 11, 2007, this court granted defendants' motion for summary judgment and dismissed this case. Plaintiff filed the instant motion on December 14, 2009, asking this court to vacate its order requiring him to pay the filing fee under the Prison Litigation Reform Act and to order the Federal Bureau of Prisons ("BOP") to issue a full refund.

The Prison Litigation Reform Act altered 28 U.S.C. § 1915, the in forma pauperis statute, to provide that a prisoner who brings a civil action or files an appeal in forma pauperis is responsible for the entire amount of the normal civil action filing fee, which is currently $350.00. See 28 U.S.C. § 1915(b)(1); see also United States v. Jones, 215 F.3d 467, 468 (4th Cir. 2000). A prisoner proceeding as a pauper is not required to pay the entire amount up front. See 28 U.S.C. § 1915(b)(1). Rather, an initial partial filing fee is assessed by calculating the greater of 20 percent of: (a) the average monthly deposits to a prisoner's trust account; or (b) the average monthly balance in the trust account for the 6-month period immediately preceding the filing of the complaint or the notice of appeal. Id. After the initial payment is made, a prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his trust account. 28 U.S.C. § 1915(b)(2). Such payments are to be forwarded by the agency that has custody of the prisoner. Id.

Plaintiff argues that he is exempt from the requirements of 28 U.S.C. § 1915 because he is an American Indian. This argument is without merit. Plaintiff has failed to identify any case law or statute in support of his claim, and this court is not aware of any such authority. Indeed, there is nothing in the language of 28 U.S.C. § 1915 that permits a court to exempt a prisoner from paying the full filing fee for any reason. Accordingly, as stated by the

amended version of section 1915(b)(1), plaintiff is responsible for the entire filing fee and his motion to vacate is DENIED.[1]

SO ORDERED this 3rd day of ~~May~~ June 2010.

MALCOLM J. HOWARD
Senior United States District Judge

hbb

---

[1] The statute and its requirements were explained to plaintiff in the March 12, 2007, order. [D.E. # 6]